UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER NOEL MCDONALD,

        Plaintiff,

    v.

TONY MAZZA, MARIN FOX HIGHT,
BLAIN LUX, CHRIS MOSES,

        Defendants.

CASE NO. C14-5618 RBL-JRC

ORDER TO AMEND OR SHOW
CAUSE

       The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

       Before the Court is plaintiff's proposed complaint filed on July 8, 2014.  Dkt. 1.  Plaintiff is an inmate proceeding in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff names as defendant personnel from the Cowlitz County Jail, Tony Mazza, Marin Fox Hight, Blain Lux, and Chris Moses (Dkt.1-1).

       Plaintiff alleges that on September 13, 2013 defendant Mazza used "sexual profanity towards" plaintiff (Dkt. 1-1).  Plaintiff names defendant Hight for failing to train officers

regarding the Prison Rape Elimination Act.  Plaintiff also alleges that two Captains, Lux and Moses, failed to take plaintiff's mental stability into account when they investigated the incident (Dkt. 1).

The Prison Litigation Reform Act changed the processing of prisoner pro se complaints in a number of ways, one of which applies here. Courts now review complaints to determine if the complaint is frivolous, fails to state a claim, or seeks relief from a defendant who is immune from monetary relief.  *See* 28 U.S.C. §1915A.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (*overruled in part on other grounds*); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); and (3) causation. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.  That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff fails to state a claim against defendant Mazza because verbal harassment is not actionable under the Civil Rights Act.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir.

1987).  Plaintiff's remaining claims fail because he does not allege that he was injured or deprived of any right or duty owed to him under the United States Constitution (Dkt. 1-1).

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint no later than August 29, 2014 curing, if possible, the above noted deficiencies, or showing cause why this matter should not be dismissed.   If plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific terms how each named defendant is involved.  The amended complaint must set forth all of plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each defendant allegedly took place; and

(3)   the specific conduct or action plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    Plaintiff shall present his complaint on the form provided by the Court.  The amended

2 complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a

3 copy, it may not incorporate any part of the original complaint by reference, and it must be

4 clearly labeled the "Amended Complaint" and must contain the same cause number as this case.

5 Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation

6 pages as needed but may not attach a separate document that purports to be his amended

7 complaint.  Plaintiff is advised that he should make a short and plain statement of claims against

8 the defendants.  See Fed. R. Civ. P. 8(a).  Plaintiff may do so by listing his complaints in

9 separately numbered paragraphs.  He should include facts explaining how each defendant was

10 involved in the denial of his rights.

11    The Court will screen the amended complaint to determine whether it contains factual

12 allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will

13 not authorize service of the amended complaint on any defendant who is not specifically linked

14 to the violation of plaintiff's rights.

15    If plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

16 that if the amended complaint is not timely filed or if he fails to adequately address the issues

17 raised herein on or before August 29, 2014, the Court will recommend dismissal of this action as

18 frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

19 § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

20 or more civil actions or appeals which are dismissed on grounds they are legally frivolous,

21 malicious, or fail to state a claim, will be precluded from bringing any other civil action or

22 appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical

23 injury."  28 U.S.C. § 1915(g).

24

ORDER TO AMEND OR SHOW CAUSE - 4

1    The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. 1983

2    civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order.

3    Dated this 8th day of August, 2014.

4

5    _____

J. Richard Creatura

6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24