1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
10                                        AT TACOMA

11

CHRISTOPHER NOEL MCDONALD,

12                                                    CASE NO. C14-5618 RBL-JRC
                    Plaintiff,

13                                                    ORDER ON PENDING MOTIONS

        v.
14
TONY MAZZA et al.,
15
                    Defendants.
16

        The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States
17
Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local
18
Magistrate Judge Rules MJR1, MJR3 and MJR4.
19
        Plaintiff filed a motion for appointment of counsel and a request to extend the deadline
20
for responding to the Court's order to show cause or file an amended complaint (Dkt. 7 and 8).
21
Because the Court has not ordered service of the original complaint, defendants have not
22
appeared in this action.  Accordingly, there will be no response to plaintiff's motions and the
23
Court need not wait for the noting date to rule on the motions.
24

ORDER ON PENDING MOTIONS - 1

1          1.        Appointment of counsel.

2          Plaintiff filed a two-page motion using a Washington State criminal case form and

3    altering the form (Dkt. 7).  Plaintiff does not provide the Court with the information the Court

4    needs to determine if he is entitled to appointment of counsel.

5          There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. §

6    1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the

7    Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328,

8    1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v.*

9    *Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires the

10   Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to

11   articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789

12   F.2d at 1331.

13         Plaintiff does not show the Court that he is unable to articulate his claim nor does he

14   address his chances of success on the merits.  The Court reviewed plaintiff's original complaint.

15   Plaintiff alleges that a correctional officer at the Cowlitz County Jail verbally abused him by

16   using "sexual profanity towards" plaintiff (Dkt. 1-1).  Plaintiff names defendant Hight for failing

17   to train officers regarding the Prison Rape Elimination Act.  Plaintiff also alleges that two

18   Captains, Lux and Moses, failed to take plaintiff's mental stability into account when they

19   investigated the incident (Dkt. 1-1).   Plaintiff articulated the facts adequately, but mere verbal

20   abuse does not rise to the level of a constitutional violation.  "[V]erbal harassment generally does

21   not violate the Eighth Amendment." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987);

22   *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth

23   Amendment's protections do not necessarily extend to mere verbal sexual harassment.").  Thus,

24

1 plaintiff fails to state a claim or show a likelihood of success on the merits on this portion of his

2 complaint.  Further, the Court is aware of no constitutional right requiring jail officials to take a

3 person's mental condition into account when investigating allegations.  Plaintiff may not seek

4 damages for emotional injury without a physical injury.  *See*, 42 U.S.C. § 1997e(e); *see also*

5 *Pierce v. County of Orange*, 526 F.3d 1190, 1223-24 (9th Cir. 2008); *Jackson v. Carey*, 353 F.3d

6 750, 758 (9th Cir. 2003).  Plaintiff does not allege any physical injury (Dkt. 1-1).  The Court

7 concludes that plaintiff cannot show a likelihood of success on the merits and the motion for

8 appointment of counsel is DENIED.

9           2.        Additional time.

10         Plaintiff asks the Court to give him until September 28, 2014 to file his amended

11 complaint or respond to the Court's order to show cause (Dkt. 8).  Plaintiff states in his motion

12 that the motion is supported by an attached declaration, but there is no declaration attached to the

13 pleading.  The Court will grant a short extension -- until September 19, 2014 -- for plaintiff to

14 file either a response to the order to show cause or an amended complaint that cures the defects

15 the Court outlined in its August 8, 2014 order (Dkt. 6).

16         The Clerk's Office is directed to send plaintiff a copy of this order and note the

17 September 19, 2014, deadline.

18         Dated this 26th day of August, 2014.

19

20 _____
   J. Richard Creatura

21 United States Magistrate Judge

22

23

24

ORDER ON PENDING MOTIONS - 3