UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER NOEL MCDONALD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TONY MAZZA, MARIN FOX HIGHT, BLAIN LUX, CHRIS MOSES.<br><br>　　　　　　Defendants. | CASE NO. C14-5618 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 14, 2014 |

　　　The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

　　　Plaintiff alleges that defendant Mazza at the Cowlitz County Jail directed sexual profanity towards plaintiff (Dkt. 5). Plaintiff names defendant Hight for failing to properly train jail staff (Dkt. 5). Plaintiff also alleges that two Captains at the Jail failed to take into account plaintiff's mental condition when they investigated his allegations (Dkt. 5).

REPORT AND RECOMMENDATION - 1

1       The Court reviewed plaintiff's proposed complaint and found it deficient (Dkt. 6). The
2 Court entered an Order to Show Cause or file an amended complaint. *Id.* The Court's order gave
3 plaintiff until August 29. 2014, to file an amended complaint *Id.*. At plaintiff's request, the
4 Court extended the time for filing the amended complaint until September 19, 2014 (Dkt. 9).
5       Plaintiff has failed to file a response to the Court's order to show cause and has failed to
6 file an amended complaint. Accordingly, the Court recommends dismissal of this action for
7 failure to state a claim, failure to comply with a court order, and failure to prosecute. This
8 dismissal would count as a strike pursuant to 28 U.S.C. 1915(g).
9       As previously stated by this Court in its order to show cause, plaintiff's complaint fails to
10 state a claim against defendant Mazza because verbal harassment is not actionable under the
11 Civil Rights Act. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (*See* Dkt. 6).
12 Plaintiff's remaining claims fail because he does not allege that he was injured or deprived of
13 any right or duty owed to him under the United States Constitution (*Id.*).
14       Plaintiff has been given the opportunity to cure the defects in his pleading and he has
15 failed to respond to a Court order and failed to prosecute his action. Fed. R. Civ. P. 41(b)
16 provides authority for the Court to dismiss the action on the merits.
17       The Court recommends dismissal of the action for failure to state a claim, failure to
18 comply with a Court order, and failure to prosecute. This dismissal would count as a strike
19 pursuant to 28 U.S.C. 1915 (g).
20       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
22 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
23 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
24

REPORT AND RECOMMENDATION - 2

1  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2  November 14, 2014, as noted in the caption.

3         Dated this 21st day of October, 2014.

 

                                      J. Richard Creatura
                                      United States Magistrate Judge

                                      J. Richard Creatura
                                      United States Magistrate Judge